## Case No. 12,429.

### In re SCAMMON.

[6 Biss. 195; [1] 11 N. B. R. 280; 7 Chi. Leg. News, 42; 9 West. Jur. 175.]

District Court, N. D. Illinois. Oct., 1874.

BANKRUPTCY — PRACTICE IN FILING PETITION UNDER AMENDED ACT.

1. Under the amendment of June 22, 1874 [18 Stat. 178]. if it appears that the requisite number of creditors have not joined in the petition, the court will dismiss it on motion, without requiring the debtor to file a schedule.

2. On such motion the court will hear affidavits and evidence offered by either party, and will order the person verifying the petition to be examined before the register.

[3. Cited in Re Keiler. Case No. 7,647, and in Re Hamlin, Id. 5.994, to the point that it is within the power and duty of the court to set aside summarily any process obtained by fraud and deception practiced upon itself.]

In bankruptcy. This was an involuntary petition filed by the United States Mortgage Company against Jonathan Young Scammon, prior to the amendment of June 22, 1874. Soon after that amendment a rule was entered upon the petitioning creditor to file an amended petition according to the requirements of this amendment [Case No. 12,427]. In response to this, it simply amended the petition by inserting the allegation that the petitioning creditor constituted one-third in amount and one-fourth in value of the respondent's creditors [Id. 12,428]. Respondent then moved to dismiss the petition, filing an affidavit to the effect that he was indebted in large amounts to numerous persons; that two judgments were standing against him in the United States court for this district, and several others in the state courts, and that the secretary of the company, when he made the affidavit to the amended petition, knew that respondent was indebted to a large number of persons.

Lyman Trumbull, for motion.
Wirt Dexter, contra.

---

BLODGETT, District Judge. Since the recent amendment to the bankrupt act, the petition is required to show with as much certainty as is attainable that the creditors uniting in the petition actually constitute the proportion required by the act. But inasmuch as it is usually impracticable for a creditor to give a full or precise statement of the debtor's liabilities, I have held that the allegation might be made upon information and belief. [In re Scammon, Case No. 10,430.] The petitioning creditors must, however, be held to good faith in the matter, and cannot recklessly file a petition for the purpose of making the respondent file a statement of his creditors. It would be intolerable if any one or two creditors, upon either a real or pretended claim, could by a simple allegation, in the words of the amendment, compel a business man to spread upon the records a statement of his liabilities. Such a fishing petition cannot be entertained under the act as amended. If it appear to the court by affidavit, or otherwise, that at the time of filing the petition the creditors joining in it knew that they did not constitute the requisite number, the petition should be dismissed; and it seems to me that a motion is the proper method in which to bring the matter before the court. Upon this question both parties have the right to be heard. Either party may bring in affidavits or evidence by Saturday morning next, and the respondent may have an order for examination and cross-examination before the register of the secretary of the company who made the affidavit.